UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

DEVONTAE NEWTON,

Defendant.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/2020

No. 18-cr-373-5 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Defendant Devontae Newton moves for bail pending sentencing in light of the ongoing COVID-19 pandemic. (Doc. No. 653 ("Newton Ltr.").) The government opposes that motion. (Doc. No. 661 ("Gov't Ltr.").)

This is Newton's third request for bail. He originally sought bail following his arrest on June 6, 2018, but was ordered detained by Magistrate Judge Robert W. Lehrburger. (Doc. No. 120; Gov't Ltr. at Ex. A.) On September 3, 2018, Newton filed another motion for bail. (Doc. No. 115.) After determining that Newton had failed to raise any new arguments beyond those presented to Judge Lehrburger and because it appeared that Newton's representation to the Court that he was a student at the Boys and Girls High School in Brooklyn at the time of his arrest was false, the Court denied that request as well. (Doc. No. 125.)

Since then, Newton has pleaded guilty to one count of conspiring to distribute 28 grams or more of cocaine base and an indeterminant weight of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(B), 841(b)(1)(C) and 846. (Doc. No. 350.) As a result, Newton now faces a mandatory minimum term of imprisonment of 5 years and a maximum term of imprisonment of

40 years. The Probation Office has concluded that his guidelines range is 87 to 108 months. (Presentence Investigation Report ¶ 93 ("PSR").)

Under 18 U.S.C. § 3145(c), Newton may not be released pending sentencing unless he demonstrates that he is neither a flight risk nor a danger to the community, and "it is clearly shown that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c); *see United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004). Because Newton has not made any of these showings – let alone all three – his request must be denied.

First, Newton has not convinced the Court that he does not pose a flight risk. For starters, Newton has significant motive to flee. He is facing a minimum sentence of five years, a sentencing guidelines range of 87 to 108 months' imprisonment, and the certainty of lengthy incarceration given that he has already pleaded guilty to a serious felony. *See United States v. Blanco*, 570 F. App'x 76, 77 (2d Cir. 2014) (recognizing that "a mandatory minimum prison sentence of five years [and] a possible maximum sentence of 40 years . . . provid[es] [a defendant] with a strong motive to flee"). Compounding that risk is the fact that Newton has already demonstrated a willingness to mislead the Court in seeking bail. (Doc. No. 125.)

Second, the Court is not convinced that placing Newton on home detention will curb the danger he poses to his community. To be sure, Newton had no prior convictions before the instant felony. (PSR ¶¶ 59–62.) But as the Second Circuit has acknowledged, home detention and electronic monitoring do not "eliminate the danger that [a defendant] w[ill] engage in further sale[s] of narcotics by telephone with a willing collaborator." *United States v. English*, 629 F.3d 311, 322 (2d Cir. 2011) (internal quotation marks omitted); *see also United States v. Landji*, No. 18-cr-601 (PGG), 2020 WL 1674070, at *4 (S.D.N.Y. Apr. 5, 2020) (concluding that defendant's involvement in a "large-scale drug trafficking organization" rendered him a "danger to the

2

community"). Moreover, Newton has already shown that he has no qualms about using family members' homes as part of his drug trafficking operation. Specifically, there is evidence that Newton harbored a gun at his stepfather's house, which gun was shared among his coconspirators. (PSR ¶ 28; Doc. No. 122 at 12:24–13:24, 36:8–14; Newton Ltr. at 7 n.18.) There is no reason to think that Newton would be any less inclined to continue his criminal operations at his maternal grandmother's house where he appears to request to be detained.[1] (Newton Ltr. at 8.) Accordingly, there is little indication that the moral suasion of Newton's family members will inhibit him from resuming his dangerous criminal conduct even if he were confined to his home.

Finally, Newton has not demonstrated that the COVID-19 pandemic is an exceptional circumstance weighing in favor of his release under section 3145(c). To be sure, the Court is sympathetic to Newton's concerns during this unprecedented national health emergency. But, as the Court has already indicated in denying bail to one of Newton's codefendants, not all inmates are equally situated when it comes to COVID-19. (Doc. No. 660 at 2.) For the pandemic to constitute an exceptional circumstance supporting his release, Newton must show that he "is both more likely to contract COVID-19 because of his incarceration *and* is at acute risk of serious illness . . . if he were to contract the virus." (*Id.*) Newton has not presented any evidence on the latter point – that he would be at high risk of serious illness if infected. By all accounts Newton is a perfectly healthy 21-year-old man with no underlying health conditions. (PSR ¶ 74.) Thus, given the general nature of Newton's bail application, "acceptance of the argument that [he] should be released given the COVID-19 [pandemic] would logically result in the wholesale release of

---

[1] There is some lack of clarity on where Newton proposes to be detained as he at one point suggests that "he can ride out the pandemic in safety" at his stepfather's house (Newton Ltr. at 7) but later states that he could "live with his maternal grandmother, Delilia Newton," (*id.* at 8). In either case, the Court is not persuaded that either location would temper Newton's likelihood of reverting to dangerous criminal conduct while on home detention.

inmates." Mem. & Order at 2, *United States v. Acosta*, No. 19-cr-848 (NRB) (S.D.N.Y. Mar. 25, 2020), ECF No. 14.

At bottom, Newton presents a bail application very similar to the one that was already twice rejected. (*Compare* Doc. No. 120 at 12–14, 17–18; Doc. No. 115 at 2, *with* Newton Ltr. at 8.) Thus, while the Court sympathizes with Newton's desire to be released from custody, the fact remains that the requirements of sections 3143(a)(1) and 3145(c) compel his continued detention. Accordingly, IT IS HEREBY ORDERED THAT Newton's motion for bail pending sentencing is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at document number 653.

SO ORDERED.

Dated:     April 13, 2020
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation