UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

DEVONTAE NEWTON,

              Defendant.

No. 18-cr-373 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

        By letter dated December 8, 2020, and received by the Court on January 12, 2021, Defendant Devontae Newton moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 pandemic. (Doc. No. 776.) The government opposes that motion. (Doc. No. 777 ("Gov't Opp'n").) For the reasons set forth below, Newton's motion is DENIED.

## I.    Background

        Beginning in July 2017, Newton was an active member of a drug trafficking organization known as the "Boss Crew DTO," which distributed significant quantities of narcotics in the Bedford Stuyvesant neighborhood of Brooklyn. (Presentence Investigation Report ("PSR") ¶¶ 12, 29; Doc. No. 572 at 1.) During that time, Newton was responsible for the distribution of approximately 608 grams of crack and 22 grams of heroin (PSR ¶ 35), and possessed a firearm in furtherance of the Crew's drug activity (*id.* ¶¶ 6, 50). His involvement in the conspiracy ended on June 6, 2018, when he was arrested along with several other members of the Boss Crew. (*Id.* ¶ 42.)

        On May 14, 2019, Newton pleaded guilty, pursuant to a plea agreement with the government, to conspiracy to distribute and possess with intent to distribute crack and heroin, in violation of 21 U.S.C. §§ 841(b)(1)(B), 841(b)(1)(C), and 846. (*Id.* ¶ 6; Doc. No. 572 at 3.)

According to the plea agreement, the parties stipulated to a U.S. Sentencing Guidelines range of 87 to 108 months' imprisonment, with a mandatory minimum term of 5 years. (PSR ¶ 6.) In consideration of Newton's plea, the government also agreed to dismiss Count 2 of the superseding indictment, which charged Newton with using a firearm in furtherance of a narcotics conspiracy, in violation of 18 U.S.C. § 924(c), and carried a mandatory consecutive sentence of five years. (Doc. No. 572 at 3; Doc. No. 566 at 17.)

Following his plea, on April 13, 2020, the Court denied Newton's request for bail pending sentencing in light of the COVID-19 pandemic. *See generally United States v. Newton*, No. 18-cr-373 (RJS), 2020 WL 1862630 (S.D.N.Y Apr. 13, 2020). The Court explained that Newton had not demonstrated "that the COVID-19 pandemic is an exceptional circumstance weighing in favor of his release" because "Newton is a perfectly healthy 21-year-old man with no underlying health conditions." *Id.* at *2.

On September 25, 2020, the Court principally sentenced Newton to 72 months' imprisonment. (Doc. No. 728.) After adopting the U.S. Probation Office's conclusion that the applicable Guidelines range was 87 to 108 months (PSR ¶ 93; Doc. No. 772 at 7), the Court determined that a below-Guidelines sentence was appropriate because of Newton's age, his lack of a significant criminal history, his substance abuse issues, his participation in various programs while incarcerated, and the stricter-than-normal conditions of confinement caused by COVID-19 (Doc. No. 772 at 40–42). But in so doing, the Court stressed the seriousness of Newton's crime and highlighted that it was particularly troubled by the fact that Newton harbored a gun for other members of the conspiracy. (*Id.* at 37–39.)

Four months later, on January 12, 2021, the Court received a *pro se* letter from Newton, requesting that the Court grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to

the COVID-19 pandemic and "it[s] second more [e]ffective wave." (Doc. No. 776 at 2.) Specifically, Newton argues that the restrictions the Bureau of Prisons ("BOP") has put in place at its facilities to combat the virus have made it impossible for him to participate in "programs to help [him] get time off such as [the Residential Drug Abuse Program]." (*Id.*) Newton also notes that he has already served approximately half his sentence. (*Id.*)

On January 21, 2021, the government filed its opposition to Newton's motion for compassionate release. (Doc. No. 777.) The government principally argues that the COVID-19 pandemic alone does not warrant compassionate release and that Newton cannot show an individualized risk to him that qualifies as extraordinary and compelling. (*Id.* at 3–4.) The government further maintains that the various sentencing factors embodied in 18 U.S.C. § 3553(a) weigh strongly against releasing Newton.[1] (*Id.* at 4.)

## II. Discussion

"The Court 'may not modify a term of imprisonment once it has been imposed except pursuant to statute.'" *United States v. Felix*, No. 12-cr-322 (RJS), 2020 WL 4505622, at *1 (S.D.N.Y. Aug. 4, 2020) (quoting *United States v. Roberts*, No. 18-cr-528 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020)). "Section 3582(c)(1)(A) provides one such exception, often referred to as 'compassionate release.'" *Id.* "Through that provision, the Court may 'reduce' a defendant's sentence where 'extraordinary and compelling reasons warrant such a reduction,' and such relief would be consistent with both the factors in 18 U.S.C. § 3553(a) and 'applicable policy statements issued by the Sentencing Commission.'"[2] *Id.* (quoting 18 U.S.C.

---

[1] Though Newton's letter does not indicate whether he has exhausted available administrative remedies, the government indicated that it is waiving any defense on exhaustion grounds. (Gov't Opp'n at 2 n.1.) Because the exhaustion requirement found in § 3582(c)(1)(A) is not jurisdictional, the government's waiver is dispositive of the issue. *See United States v. Santibanez*, No. 13-cr-912 (RJS), 2020 WL 3642166, at *2 (S.D.N.Y. July 6, 2020).

[2] Where, as here, the compassionate release motion was made by the defendant himself, rather than by the Bureau of Prisons, U.S.S.G. § 1B1.13 is not an "applicable" policy statement. *See United States v. Brooker* (*Zullo*), 976 F.3d

3

§ 3582(c)(1)(A)).  Importantly, it is the defendant's burden to show that he is eligible for and deserving of compassionate release.  *See United States v. Musa*, --- F. Supp. 3d ---, 2020 WL 6873506, at *4 (S.D.N.Y. 2020).  Newton has not carried that burden here.

To start, Newton's main arguments for compassionate release are the general danger of COVID-19 and the lack of access to BOP programs, such as the Residential Drug Abuse Program. But, as numerous courts have recognized, "the pandemic itself – without more – does not present extraordinary and compelling circumstances warranting a compassionate release." *Id.* at *8 (internal quotation marks omitted); *accord United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").  Furthermore, as the Court has already explained in denying Newton's request for bail pending sentencing, "Newton is a perfectly healthy 21-year-old man with no underlying health conditions" that would put him at higher risk in light of the COVID-19 pandemic. *Newton*, 2020 WL 1862630, at *2; *see also* PSR ¶ 74 (noting that "Newton reported no history of serious illnesses or medical conditions").

Additionally, the § 3553(a) factors also weigh against a finding of early release.  In particular, (i) "the nature and circumstances of the offense," (ii) "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (iii) the need to "afford adequate deterrence to criminal conduct," and (iv) the need "to protect the public from further crimes of the defendant," all support leaving Newton's recently imposed sentence intact.  And while it is true that the ongoing pandemic has caused additional restrictions to be placed on BOP facilities, the Court specifically considered that

---

228, 235–37 (2d Cir. 2020).  As a result, the Court has significant discretion to identify what constitutes "extraordinary and compelling reasons."  *See id.*

fact and relied on it in imposing a below-Guidelines sentence. (Doc. No. 772 at 41 ("I do think that the conditions you've been living in over the past couple of years have been very tough. You've lived through COVID. You've lived through a lockdown. You've lived through circumstances that in jail are even tougher than usual. And that also comes into my thinking as what's an appropriate sentence.").) Thus, the reasons that the Court gave for imposing a 72-month sentence are just as applicable today as they were four months ago.

### III.  Conclusion

For all these reasons, Newton's motion for compassionate release is respectfully DENIED. The Clerk of Court is directed to mail a copy of this order to Newton.

SO ORDERED.

Dated:     January 29, 2021
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation