UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>DEVONTAE NEWTON,<br><br>                    Defendant. | No. 18-cr-373-5 (RJS)<br>ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

On November 29, 2023, the Court presented Defendant Devontae Newton on four specified violations of the terms of his supervised release, as set forth in the Probation Office's report dated November 20, 2023. Newton denied the first three specifications related to his arrest by the Nassau County Police Department in connection with a larceny at a Macy's department store on Long Island, but admitted Specification 4 alleging that he used marijuana on three occasions.[1] The Court then remanded Newton to the custody of the United States Marshals Service and the Bureau of Prisons pending resolution of the alleged violations.

The Court is now in receipt of Newton's December 4, 2023 application for bail in connection with the pending violations of supervised release. (*See* Doc. No. 996.) Newton argues that he does not present a danger to the community or a risk of flight that could not be eliminated through certain proposed conditions – including a personal recognizance bond secured by two to three financially responsible individuals and electronic monitoring with strict travel limits. (*See*

---

[1] Pursuant to 18 U.S.C. § 3583(g), if a supervisee is found to have possessed a controlled substance, "the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum [authorized] term."

*id.*)  The government opposes this application and asserts that Newton should "remain detained on both dangerousness and risk-of-flight grounds."  (Doc. No. 1000 at 4.)

The Court finds that Newton has failed to establish "by clear and convincing evidence" that he does not "pose a danger to any other person or to the community."  Fed. R. Crim. P. 32.1(a)(6); *see also* 18 U.S.C. § 3143(a)(1).  Here, the record contains strong circumstantial evidence indicating that Newton was involved in two separate larcenies, which easily could have resulted in physical harm to store employees and/or patrons.  *See United States v. Ubiera*, 486 F.3d 71, 76 (2d Cir. 2007) ("Shoplifting risks head-to-head confrontation with shop personnel and physical touching or struggle, as well as danger to bystanders and the erroneously accused.").  These incidents are particularly troubling because, as the Court noted at sentencing in connection with his underlying conviction, it was established that Newton carried and safeguarded a firearm that he ultimately transferred to another conspiracy member.  (*See* Doc. No. 772 at 38–39, 43.)  Moreover, the record suggests that – with regard to the Macy's larceny – Newton served as the getaway driver, a role which poses significant risks to law enforcement officers, pedestrians, and other drivers.  *See United States v. Allison*, 210 F.3d 355, 2000 WL 357673, at *1 (2d Cir. 2000) (recognizing that an individual can "create[] a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer" (quoting U.S.S.G. § 3C1.2)).  And in light of the fact that both of these purported larcenies occurred within two months of Newton commencing his term of supervised release (*see* Doc. No. 1000 at 2), as well as Newton's admission that he violated the terms of his supervised release by using marijuana on three occasions, the Court has no confidence that Newton would abide by his proposed bail conditions were the Court to implement them.  For these reasons, the Court cannot conclude that Newton has established by clear and convincing evidence that he does not pose a danger to others.

Accordingly, IT IS HEREBY ORDERED THAT Newton's application for bail is DENIED. IT IS FURTHER ORDERED THAT defense counsel shall submit a letter by January 12, 2024 indicating how Newton wishes to proceed with regard to the remaining open specifications in this matter. The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 996.

SO ORDERED.

Dated:  December 21, 2023
        New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation